## FANNON et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.    October 3, 1921.)

### No. 3643.

Conspiracy ⬦⇒25—Provision of Lever Act against conspiracy to limit trans-
portation facilities held constitutional and valid.

The provision of Act Aug. 10, 1917, § 4 (Comp. St. 1918, Comp. St.
Ann. Supp. 1919, § 3115⅛ff), as amended by Act Oct. 22, 1919, making it
unlawful to conspire to limit facilities for transportation of necessaries,
*held* constitutional and valid.

In Error to the District Court of the United States for the Southern
Division of the Southern District of California; Benjamin F. Bledsoe,
Judge.

Criminal prosecutions by the United States against William G. Fan-
non and others. Judgments of conviction, and defendants bring error.
Affirmed.

Davis, Rush & MacDonald, of Los Angeles, Cal., and Allison &
Dickson, of San Bernardino, Cal., for plaintiffs in error.

Robert O'Connor, U. S. Atty., and Wm. Fleet Palmer, Asst. U. S.
Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The trial of these cases was consolidated in
the District Court, and they were brought and submitted here in the
same way by stipulation of counsel.

The statute upon which the indictment in each case was based was
passed during the late war, and was entitled "An act to provide further
for the national security and defense by encouraging the production,
conserving the supply, and controlling the distribution of food products
and fuel," the fourth section of which (Comp. St. 1918, Comp. St.
Ann. Supp. 1919, § 3115⅛ff) was amended October 22, 1919 (41 St.
L. 298), and, so far as here applicable, is as follows:

"That it is hereby made unlawful for any person * * * to conspire,
combine, agree, or arrange with any other person, (a) to limit the facili-
ties for transporting * * * supplying, storing, * * * any necessaries;
* * * (c) to restrict distribution of any necessaries; * * * provided,
that this section shall not apply to any farmer, gardner, horticulturist, vine-
yardist, planter, ranchman, dairyman, stockman, or other agriculturist, with
respect to the farm products produced or raised upon land owned, leased, or
cultivated by him. * * *"

The indictment charged that the defendants thereto did on or about
April 6, 1920, knowingly, willfully, unlawfully, and feloniously con-
spire, combine, agree, and arrange together and with other persons to
the grand jurors unknown, to limit the facilities for transporting, sup-
plying, and storing many necessaries, to wit, foods, feeds, and fuel, in-
cluding many carloads of oranges and lemons, and large quantities of
potatoes, wheat, lettuce, cabbage, asparagus, live stock ready for
slaughter for use as meat, and fuel oil, by then and there and by means

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of agitating and calling and declaring a strike of railway yardmen and switchmen, and such other railway trainmen, shopmen, and employees as could be induced to leave their employment, and the said defendants and each of them were at said time employees of railways having yards and terminals in the city of Los Angeles; that the said railroads, to wit, the Los Angeles & Salt Lake Railroad, the Atchison, Topeka & Santa Fé Railroad, and the Southern Pacific Railroad, are concerned in and are engaged in transportation of passengers and freight in interstate commerce between the state of California and the various other states of the United States; and the defendants well knew that such railroads were engaged in carrying as freight all manner and description of foods, feeds, and fuel oil, which commodities were necessaries as described and set forth in section 1 of title 1 of an act to amend an act entitled "An act to provide further for the national security and defense by encouraging the production, conserving the supply, and controlling the distribution of food products and fuel," approved August 10, 1917, and well knowing such facts, began, instituted, agitated, and spread a strike among the switchmen and other men who were engaged in handling the freight trains of the said railroad companies in the city of Los Angeles and in the state and Southern division of the Southern District of California; and because of such conduct on the part of said defendants a strike of switchmen and yardmen of said railroads in said district was declared, and the men employed by said railroad companies to handle their said freight trains as such yardmen and switchmen refused to do and perform their duties as such employees of said railroad companies, and because of said strike and refusal of the said yardmen and switchmen to perform their duties the said railroad companies were totally unable to transport or supply said food stuffs, feeds, and fuel oil, and by such action of the said defendants the transportation of such foodstuffs, feeds, and fuel oil was then and there prevented, and the facilities for transporting the same were thereby limited; and because of such preventing and limiting of such transportation facilities many hundred carloads of said foodstuffs deteriorated and became spoiled and unfit for use as human food, and the transportation of said animals for meat was prevented and the supply of meats was thereby curtailed.

The only points made on behalf of the plaintiffs in error is that the act itself is invalid as being in contravention of the Constitution, and that the indictment does not state facts sufficient to constitute an offense under it.

The first of such points is based largely upon the recent decision of the Supreme Court in the case of United States v. L. Cohen Grocery Co., 41 Sup. Ct. 298, decided February 28, 1921 (Advance Sheets).

The same statute made it unlawful for any person willfully "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries," and the question presented to the Supreme Court in the Cohen Grocery Company Case was whether that language constituted a fixing by Congress of an ascertainable standard of guilt and was adequate to inform persons accused of the violation thereof of the nature and cause of the accusation against them.

In the crime denounced by the same statute and charged against the plaintiffs in error in the present case there is no such uncertainty. It is perfectly manifest that what are "unjust or unreasonable rates or charges" may strike and impress the mind of both jurors and judges very differently; one may think a certain rate or charge reasonable, and another may just as conscientiously consider the same rate or charge wholly unreasonable. That provision of the statute was therefore wholly uncertain and void of any standard of criminality, and was by the court adjudged repugnant to the Constitution, and invalid. But the court by no means declared the whole act void. Indeed, section 22 of the same act of Congress in terms declares:

"If any clause, sentence, paragraph, or part of this act shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof, directly involved in the controversy in which such judgment shall have been rendered." Comp. St. 1918, Comp. St. Ann. Supp. 1919. § 8115½oo.

The provision involved in the Grocery Company Case, being distinct from that involved in the present one, is therefore unaffected by the decision to which reference has been made. Berea College v. Kentucky, 211 U. S. 45, 55, 29 Sup. Ct. 33, 53 L. Ed. 81.

The offense with which the plaintiffs in error here were charged was specifically and in detail described in the indictment and clearly brought the case within certain specific provisions of the statute expressly declared criminal and punishable in a prescribed way.

In each case the judgment is affirmed.